977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nellie M. SIGLER; Deborah Sigler Jackson, proceeding on
behalf of Raymond and Shanita Sigler, minors,
Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3110.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Nellie M. Sigler and Deborah Sigler Jackson, social security claimants represented by counsel, appeal a district court order affirming the Secretary's denial of survivor's insurance benefits to Raymond and Shanita Sigler. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 On June 17, 1986, Nellie Sigler filed an application for child's insurance benefits on behalf of her two grandchildren on the account of the deceased wage earner, Robert Jackson. Sigler alleged that the two children were Robert Jackson's stepchildren by virtue of his common law marriage to her daughter, Deborah Jackson, who shot Robert Jackson resulting in his death on September 1, 1982. Sigler alleged that her daughter, Deborah Jackson, was the common law wife of the deceased wage earner and that he lived with and supported her daughter and two children from approximately 1975 until his death on September 1, 1982.
 
 
 3
 An administrative law judge determined that Raymond and Shanita Sigler were not the "children" of the deceased wage earner under the Social Security Act. He found that no evidence of a valid common law marriage in Ohio existed between Deborah Jackson and the deceased and the evidence did not show that Robert Jackson was either living with or contributing to the support of the two children at the time of his death. The Appeals Council denied Sigler's request for review. Nellie Sigler and Deborah Jackson then filed a complaint seeking judicial review. They alleged that Deborah and Robert Jackson had a valid common law marriage under Ohio law, that Raymond and Shanita Sigler were dependent on him and that he provided for at least one-half of their support for nine months prior to his death.
 
 
 4
 A magistrate judge determined that even if a valid common law marriage existed under Ohio law, the evidence did not show that the two children were dependent upon Robert Jackson at the time of his death. After de novo review in light of the plaintiffs' objections, the district court accepted the magistrate judge's report and recommendation and dismissed the case. On appeal, the Siglers continue to argue the merits of their case.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Substantial evidence exists to show that Raymond and Shanita Sigler were not dependent upon the wage earner at the time of his death on September 1, 1982, nor was he living with and contributing to at least one-half of their support for nine months prior to his death. See 42 U.S.C. § 402(d)(4).
 
 
 6
 Accordingly, we affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.